*Mack v. Verizon Commc'ns Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Minerva Mack,

> *Plaintiff-Appellant,*

v.                                                            18-135

Verizon Communications Inc.,

> *Defendant-Appellee,*

**Verizon Inc.,**

                  *Defendant.*

_____

FOR PLAINTIFF-APPELLANT:        MINERVA MACK, pro se, Jamaica, NY.

FOR DEFENDANT-APPELLEE:        JAMES P. HOLLIHAN, Duane Morris LLP, Pittsburgh, PA (Eve I. Klein, Duane Morris LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Minerva Mack, pro se, sued her former employer, Verizon Communications Inc. ("Verizon"), for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., alleging that Verizon denied pension benefits that she had earned working for Verizon's predecessor company from 1970 to 1979. The district court ruled on summary judgment that Verizon's denial was not arbitrary or capricious because Mack worked fewer than the minimum 10 years of service. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). Because the

pension plan gave Verizon discretion over determinations of benefits, including questions relating to age and service for eligibility purposes, the denial of Mack's claim is reviewed under an arbitrary and capricious standard. *See Pepe v. Newspaper & Mail Deliverers'-Publishers' Pension Fund*, 559 F.3d 140, 146 (2d Cir. 2009). This court can only identify a denial of benefits as arbitrary or capricious "if the decision is 'without reason, unsupported by substantial evidence[,] or erroneous as a matter of law.'" *Kinstler v. First Reliance Standard Life Ins.*, 181 F.3d 243, 249 (2d Cir. 1999) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)). That is not this case.

The pension plan expressly requires 10 years of service after age 22 before an employee is eligible to receive benefits. A year of service is 1,000 completed hours of service worked during a calendar year, with 45 hours of service attributed to each week the employee completes one or more hour of service. Mack turned 22 in 1970, so her pre-1970 hours do not count toward eligibility. Mack completed 9 years of service from 1970 to 1978. But the record before us on appeal shows that in 1979 Mack worked no more than 20 weeks, equivalent to 900 hours of service: 100 hours short of the 1,000 hours required for a year's credit. Even if Mack's unused leave time—paid as wages after she was fired—is counted as completed hours of service (which we do not decide), her 1979 social security statement indicates that she earned, at most, 20 weeks' worth of wages. And the hours Mack worked in excess of 1,000 hours from 1970 to 1978 cannot count toward her hours of service in 1979 because they were not earned during the calendar year 1979.

We have considered all of Mack's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3